## MARRIOTT v. FEARING.

*(Circuit Court, E. D. New York. January 11, 1882.)*

DAMAGES—PERSONAL INJURY—VERDICT.

> Where, in an action for damages for personal injury caused by the alleged negligence of defendant, the instruction to the jury was as favorable to plaintiff as he was entitled to, and there is nothing to indicate that the jury were actuated by passion or prejudice, the verdict will not be set aside.

On Motion to Set Aside Verdict.

This action was brought in a court in the state of New York to recover damages for personal injuries caused by the fall of the plaintiff on a snowy day in December, 1879, upon the steps of the Trinity building in New York city, No. ——, Broadway. The defendant is one of the heirs of the estate, and the action was removed from the state court to the United States circuit court under the act of 1875. The cause came on to be heard at the November term, 1881, before Hon. H. H. Wheeler, district judge, holding the circuit court, and jury; and a verdict was rendered for the defendant.

*Thornton, Earle & Kiendl,* for plaintiff.

*Strong & Cadwalader,* for defendant.

WHEELER, D. J. This cause has been heard upon the motion of the plaintiff, after verdict for the defendant, to set aside the verdict and for a new trial. No complaint is made but that the instruction to the jury that the defendant was in duty bound to provide reasonably safe steps for the accommodation of persons entering to do business with his tenants in the building of which he was an owner and lessor, in accordance with the purposes of the renting, was as favorable to plaintiff as he was entitled to. The evidence as to the actual condition of the steps at the time when the plaintiff slipped upon them and fell, and as to what would constitute reasonably safe steps for

the purposes for which these were used, was conflicting; and the proof as to the degree of care used by the plaintiff in attempting to pass over the steps was not so clear in favor of the plaintiff that the court could properly instruct the jury that there was no contributory negligence on his part. All these questions had to be submitted to the jury, and, notwithstanding the measure of duty laid upon the defendant, they found in his favor. There is nothing to indicate that they were actuated by either passion or prejudice. To grant a new trial would be merely to allow an appeal upon these questions of fact from that jury to another. That is not allowable by the rules of law or the practice of courts.

The motion must be overruled and judgment be entered on the verdict.